## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

JORDON A. PARKER (20210212004),   )
  )
      Plaintiff,   )
  )      Case No. 22 CV 2237
      v.   )
  )      Hon. Jeffrey I. Cummings
C.O. FERN, et al.,   )
  )
      Defendants.   )

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Jordon Parker initiated this action pursuant to 42 U.S.C. §1983 against defendants, Correctional Officers Fern and Salefski. Plaintiff alleges that defendants used excessive force against him while he was an inmate at Cook County Jail. Before the Court is a motion for summary judgment filed by defendants Fern and Salefski, (Dckt. #61). For the reasons set forth below, defendants' motion for summary judgment is granted.

## I.  LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is present if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might bear on the outcome of the case." *Wayland v. OSF Healthcare System*, __F.4th __, 2024 WL 834978, at *2 (7th Cir. Feb. 28, 2024); *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 584 (7th Cir. 2021) (the existence of a factual dispute between the parties will not preclude summary judgment *unless* it is a genuine dispute as to a material fact); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004) (issues of material fact are material if they are outcome determinative).

When the moving party has met that burden, the non-moving party cannot rely on mere conclusions and allegations to create factual issues. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Instead, it must "marshal and present the court with the evidence [it] contends will prove [its] case." *Goodman v. Nat. Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). That evidence "need not be admissible in form, but must be admissible in content, such that, for instance, affidavits may be considered if the substitution of oral testimony for the affidavit statements would make the evidence admissible at trial." *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016). When considering summary judgment motions, courts: (1) review the evidence presented in the light most favorable to the non-moving party; (2) draw all reasonable inferences in the non-moving party's favor; and (3) do not weigh the evidence or resolve conflicts in the record. *NES Rental Holdings, Inc. v. Steine Cold Storage, Inc.*, 714 F.3d 449, 452 (7th Cir. 2013).

Finally, it is well-settled that a mere "scintilla of evidence" supporting the non-movant's position does not suffice to defeat a properly supported motion for summary judgment; instead, there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012) (summary judgment is only granted if "no reasonable trier of fact could find in favor of the non-moving party.") (cleaned up).

## II.    FACTUAL RECORD

Before addressing the relevant facts, the Court reviews plaintiff's compliance with Local Rule 56.1 and his objections to defendants' exhibits.

2

### A.    Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court.  The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary."  *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).

Local Rule 56.1(a) requires the moving party to provide "a statement of material facts" as to which the moving party contends there is no genuine issue for trial.  L.R. 56.1(a); Fed. R. Civ. P. 56(c)(1).  The opposing party must then "file a response to each numbered paragraph in the moving party's statement" of fact.  *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005) (internal quotation marks omitted); L.R. 56.1(b), (e).  If a party fails to respond to the Rule 56.1 statement of uncontested facts, those facts are deemed admitted to the extent they are supported by the evidence in the record.  *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); L.R. 56.1(e)(3).

In this case, defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment.  (Dckt. #62).  Because plaintiff is a *pro se* litigant, defendants also served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2.  (Dckt. #64).  This notice explains the meaning of a motion for summary judgment, the requirements for responding to both the movant's motion and its Rule 56.1 statement of material facts, and – perhaps most significantly – the consequences of failing to properly respond to a summary judgment motion and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.  It is well-settled that a plaintiff's *pro se* status

does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules").

### B.    Plaintiff's Response to Defendants' Rule 56.1 Statement

Plaintiff, for his part, submitted a response to defendants' statement of material facts by making three overarching objections to defendants' evidence (namely, hearsay, best evidence, and relevance), conceding certain factual statements, and – without citing supporting evidence – disputing others. (Dckt. #70). Plaintiff also submitted two statements of additional facts. (Dckt. #71 & #72). However, for the reasons stated below, plaintiff's evidentiary objections are overruled and his response to defendants' statement of material facts fails to comply with the requirements of Local Rule 56.1(b)(3)(B).

### 1.    Plaintiff's Objections to Defendants' Exhibits are Overruled.

With regard to documentary evidence, a court may consider those materials so long as the documents are "properly authenticated and admissible." *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Here, defendants submitted fourteen exhibits in support of their motion for summary judgment and plaintiff objects to all but one of these exhibits based on one of the following reasons: lack of relevance, failure to comply with the best evidence rule, and inadmissible hearsay. (Dckt. #70 at 1-3); Fed.R.Civ.P. 56(c)(2). However, each of these objections is overruled for the following reasons.

First, plaintiff objects to the sworn declarations of the defendant officers and medical

4

professionals regarding the date in question as improper hearsay, arguing that each declaration is "an out of court statement which is hearsay and not admissible in court." (Dckt. #70 at 3). However, to prevail on objections to documents as hearsay, such objections require more than simply asserting that the document is hearsay and repeating the definition of hearsay. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

More importantly, as stated above, evidence offered in support of summary judgment need not "be admissible in form" so long as it is "admissible in content." *Wheatley*, 826 F.3d at 420. As a result, sworn declarations "may be considered if the substitution of oral testimony for the [declaration] statements would make the evidence admissible at trial." *Id*. Such is the case here with respect to the declarations of the defendant officers and the medical professionals because the declarations are appropriately based on each declarant's personal knowledge. *See Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc). Furthermore, if the defendant officers and medical professionals testified to the content of their declarations at trial, such testimony would not be hearsay, as plaintiff erroneously asserts.

Next, plaintiff cites to the "best evidence rule" and seemingly objects to defendants' failure to produce the *original* time sheets reflecting the hours worked by defendant officers on the date of the incident in question here. "The so-called 'best evidence rule,' codified . . . in Fed. R. Evid. 1001 through 1004, requires only that a party seeking to prove the contents of a document introduce the original document or explain why it cannot be produced." *Est. of Stuller v. United States*, No. 11-3080, 2014 WL 3396084, at *5 (C.D.Ill. July 11, 2014), *quoting United States v. Rose*, 590 F.2d 232, 237 (7th Cir. 1978). However, "[t]he best evidence rule does not

5

mean that certain evidence must be excluded when other evidence on the same matter is offered." *Stuller*, 2014 WL 3396084, at *5. Accordingly, given that the defendant officers provided sworn statements in their declarations about the hours that they worked on the pertinent date (July 18, 2021), they are not required to produce the original time records under the best evidence rule.

Finally, plaintiff objects to a handful of exhibits as "irrelevant," stating only that the "evidence is not relevant to the case." (Dckt. #70 at 1). Of course, in reaching its ruling, the Court has considered only the facts and evidence submitted by the parties that are relevant to the plaintiff's claims. *Antech Diagnostics, Inc. v. Downers Grove Animal Hosp. & Bird Clinic*, P.C., No. 12 C 2736, 2013 WL 773034, at *1 (N.D Ill. Feb. 28, 2013) ("The court will consider facts it deems relevant provided they are supported by the record.").

For all of these reasons, plaintiff's objections are overruled, and the Court has considered defendants' exhibits (to the extent that they are relevant) in resolving the motion for summary judgment.

### 2.      Defendants' Statement of Facts are Deemed Admitted.

In a reply in support of their motion, defendants argue that plaintiff has failed to properly dispute their statement of facts with a specific citation to the evidentiary record. (Dckt. #75 at 1). The Court agrees and to the extent the Court deems those facts material, they are admitted. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."). Similarly, the facts set forth in plaintiff's statement of additional material facts fail for the same reason –

6

they are not supported with specific citations to the evidentiary record as required by Local Rule 56.1(b)(3)(B). To the extent any of those facts contradict defendants' version of events or any fact to which plaintiff's response fails to comply with Local Rule 56.1, the Court will accept defendants' version as admitted. The Court does so even in consideration of plaintiff's *pro se* status given that defendants have provided plaintiff with the requisite Local Rule 56.2 notice to unrepresented individuals. *See Coleman v. Goodwill Indus. of Se. Wisconsin, Inc.*, 423 Fed. App'x 642, 643 (7th Cir. 2011). Again, as the Seventh Circuit has made clear, "plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1." *Brown v. Erickson*, No. 16 C 50337, 2019 WL 1532887, at *2 (N.D.Ill. Apr. 9, 2019); *Coleman*, 423 Fed. App'x. at 643 ("Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with local rules.").

### C. Relevant Facts !

In consideration of the above rulings regarding the application of Local Rule 56.1 and the invalidity of plaintiff's objections to defendants' evidence, the relevant facts are as follows.

Plaintiff Jordon Parker is an inmate in the custody of the Cook County Jail. (Dckt. #62, Defendant's Statement of Material Facts ("DSOF" ¶7). From 2018 to present day, Officer Salefski has been assigned to work the 7:00 a.m. to 3:00 p.m. shift in Division 8 of the Cook County Jail. DSOF ¶15. In 2021, defendant Officer Fern was assigned to work the 7:00 a.m. to 3:00 p.m. shift in Division 8 of the Cook County Jail. DSOF ¶12. On the date in question (July 18, 2021), the testimony of defendants Fern and Salefski show that Fern worked from 7:00 a.m. to 2:00 p.m. and Salefski worked from 2:55 a.m. to 2:55 p.m. DSOF ¶¶14, 16 (citing Exs. G, H, and K). Both Fern and Salefski testified to having no recollection of interacting with plaintiff at

all on July 18, 2021, let alone any recollection of the events alleged by plaintiff in his complaint. DSOF ¶¶13, 17.

Plaintiff, both in his grievance and his answers to defendants' interrogatories, asserts that the incident that triggered this lawsuit occurred on July 18, 2021, at 5:00 p.m. DSOP ¶28; (Dckt. #47 at 4). In his grievance, plaintiff alleges that on that date and at that time he was: (1) pulled out of his bed while sleeping, ankle shackled, and handcuffed while Officer Fern jumped on his back; (2) dragged to the north entrance door and taken down the hallway to the elevator where he was tripped up by Officer Fern; (3) stomped and kicked in his rib/kidney area and back and thrown into the elevator where his face was pushed against the wall; and (4) held in handcuffs by Officer Salefski while Officer Fern punched him in his face. DSOF ¶28.

Licensed clinical professional counselor ("LCPC") Christina Valle was employed as a licensed mental health specialist at Cermak Health Services in July 2021. DSOF ¶24. On July 18, 2021, LCPC Valle treated plaintiff at 10:12 p.m. DSOF ¶25. At that time, she noted as follows:

> Plaintiff was out alone/house alone and at the beginning of the shift he was in the basement in the bullpen. Plaintiff's room was cleaned during that time and he returned to his cell without incident. Plaintiff was quiet and went to lay on his bunk. Plaintiff was 'med compliant' and mental health was to continue to monitor him.

DSOF ¶25. Based on her review of the medical records, LCPC Valle is of the opinion to a reasonable degree of medical certainty that plaintiff did not appear to suffer any injuries on July 18, 2021. DSOF ¶27.

## III.    ANALYSIS

As the Seventh Circuit has made clear, a plaintiff's failure to comply with Local Rule 56.1 "does not, of course, automatically result in judgment for the movant." *Keeton*, 667 F.3d at

884. Instead, "[the movant] must still demonstrate that it is entitled to judgment as a matter of law." *Id.* In support of their motion, defendants argue that they are entitled to summary judgment because: (1) plaintiff has failed to provide any evidence showing defendants' personal involvement in the alleged constitutional violation on July 18, 2021; (2) plaintiff has failed to provide evidence that he suffered any physical injuries on July 18, 2021, thereby barring his recovery for excessive force; and (3) alternatively, defendants are entitled to the defense of qualified immunity. (Dckt. #63 at 5-11). The Court agrees as to defendants' first point, and it does not reach their remaining arguments.

### A. No Reasonable Fact Finder Could Find or Infer that Defendant Officers were Present During the 5:00 p.m. Incident on July 18, 2021.

As a pretrial detainee at the time of the incident, plaintiff's excessive force claim arises under the Fourteenth Amendment's Due Process clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). Under the Fourteenth Amendment, an officer's use of force is excessive where it "amounts to punishment," is "not 'rationally related to a legitimate nonpunitive governmental purpose," or "'appear[s] excessive in relation to that purpose'" when viewed objectively. *Kingsley*, 576 U.S. at 397-98. To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97.

As a preliminary matter, however, "as with all §1983 claims," plaintiff must demonstrate, "that [d]efendants were personally involved in the events giving rise to his claim." *Scott v. Pinas*, No. 14 C 6547, 2017 WL 3979101, at *4 (N.D.Ill. Sept. 11, 2017) (citing *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Indeed, Section 1983 "creates a cause of action based on

personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Brown v. Toney*, No. 22-CV-018, 2023 WL 3390886, at *3 (E.D.Wis. May 11, 2023), *reconsideration denied*, No. 22-CV-018, 2023 WL 3984574 (E.D.Wis. June 13, 2023), *aff'd*, No. 23-2218, 2024 WL 889243 (7th Cir. Mar. 1, 2024). As defendants note, this requires "a causal connection or affirmative link between the action complained about and the official sued." *Scott*, 2017 WL 3979101, at *3.

Here, in addition to their own sworn declarations, (Dckt. #62-7 & #62-8), defendants have submitted their properly authenticated timesheets, (Dckt. #62-11; Dckt. #75-1), which indicate that they were not working at the undisputed time of the alleged incident, *i.e.*, 5:00 p.m. on July 18, 2021. Again, this evidence reflects that Fern worked from 6:37 a.m. to 2:00 p.m. that day[1] and Salefski worked from 2:55 a.m. to 2:55 p.m., with no indication that they worked any additional time beyond those hours. In sum: the evidence shows that both defendant officers clocked out and completed their work more than two hours before the time that plaintiff asserts that he was assaulted on July 18, 2021.

Although plaintiff voiced disagreement with defendant officers' evidence as to the time they completed work on July 18, 2021, he does not cite any countervailing evidence to dispute it. *See Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (noting a non-movant's obligations under Local Rule 56.1 and holding that "the plaintiffs' mere disagreement with the movant's asserted facts is inadequate [to defeat summary judgment] if made without reference to specific supporting material.") (internal quotation marks omitted). Instead, plaintiff baldly contends that defendants: (1) "were mandated at the time to work 12 hour shifts;" (2) "the clock

---

[1] Fern's timesheet indicates that he worked through lunch and "left early" (i.e., ahead of the scheduled end of his shift at 3:00 p.m.) on July 18, 2021. (Dckt. #62-11 at 2).

in time sheet does not show overtime;" and (3) "officers were definitely present during 5:00 p.m. Shift changed at 6:00 p.m."  (Dckt. #70 at 6).

Each of plaintiff's contentions is either unsupported by the record or contradicted by the evidence within it.  To begin, the time sheets – contrary to plaintiff's contention – have three fields which pertain to "overtime" work and the fields show the "OT approver", the "OT Reason", and the "OT Type." (Dckt. #62-11 at 2-3).  The July 18 time sheets further show that one officer (Salefski) did work overtime on July 18 and the other (Fern) did not.  *Id.*  Moreover, although Salefski did, in fact, work a twelve-hour shift on July 18, plaintiff cites no evidence showing that he was "mandated" to do so.  Instead, his July 18 time sheet indicates that he received approval to work "voluntary" overtime on that date due to a "public health event: COVID 19."  (Dckt. #62-11 at 3).  Finally, plaintiff's unsupported contention that the defendant officers' shifts ended at 6:00 p.m. is contradicted by the officers' sworn testimony that their scheduled shifts ended at 3:00 p.m. on July 18, 2021.  (Dckt. #62-7 & #62-8).

Based on the undisputed evidence in the record, no reasonable fact finder could find, or reasonably infer,[2] that defendant officers were on plaintiff's tier in Cook County Jail more than two hours *after* they clocked out on July 18 such that they were physically present to assault plaintiff at 5:00 p.m. as he steadfastly maintains.  Accordingly, summary judgment in favor of defendants is appropriate.  *See Brown*, 2023 WL 3390886, at *4 (granting summary judgment where "no reasonable factfinder could conclude that [defendants] participated in the alleged

---

[2] The Seventh Circuit has made clear that courts are "not required to draw every conceivable inference from the record [in favor of the non-movant] – only those inferences that are reasonable."  *Chmiel v. JC Penny Life Ins. Co.*, 158 F.3d 966, 968 (7th Cir. 1998) (internal quotation marks omitted); *see also Hruska v. Forest Pres. Dist. of Cook Cnty., Ill.*, No. 10 C 7433, 2013 WL 1195699, at *9 (N.D.Ill. Mar. 21, 2013) ("implausible inferences and unsupported speculation are insufficient to defeat summary judgment.") (citing cases).

constitutional violations); *Scott*, 2017 WL 3979101, at *4 ("Without evidence that Plaintiff complained to [Defendant], a reasonable jury could not conclude that she was personally involved in depriving Plaintiff of his Eighth Amendment rights.").[3]

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment, (Dckt. #63), is granted.  Judgment is entered in favor of defendants and against plaintiff.  Civil case terminated.


**Date: March 14, 2024**




**Jeffrey I. Cummings**
**United States District Court Judge**

---

[3] In light of this finding, the Court need not address defendants' additional arguments in support of their summary judgment motion.

12